IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 24-CR-3051-LTS-MAR-2 |
| ) | |
| vs. ) | |
| ) | |
| GLOBAL PROCESSING, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS
## WITHOUT PREJUDICE

The government respectfully files the instant Motion to Dismiss Without Prejudice ("Motion") with respect to defendant Global Processing, Inc.:

1. On April 17, 2025, a grand jury returned the governing ten-count indictment (R. Doc. 58) against David Wilcox and defendant Global Processing, Inc. Among other things, the indictment alleges that defendant Global Processing, Inc. was David Wilcox's *alter ego*. (R. Doc. 58, ¶ 4.) On July 31, 2025, David Wilcox committed suicide.

2. David Wilcox's death abates the cause against him, *Crooker v. United States*, 325 F.2d 318, 319-21 (8th Cir. 1963), and the Court should terminate Wilcox as a defendant in this case.

3. In the interests of justice, the government now moves to dismiss this case against the other defendant, Global Processing, Inc., without prejudice.

4. "The government may, with leave of court, dismiss an indictment . . ." Fed. R. Crim. P. 48(a). "As a general rule, a dismissal with leave of court is

1

considered to be without prejudice." *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973) (per curiam).

5. The Eighth Circuit has stated that, while the Court has discretion to deny a motion to dismiss under Rule 48(a), leave to dismiss ordinarily should be given. The Court recently stated:

> Courts can exercise their discretion to withhold leave in only "the rarest of cases." One is when there has been "prosecutorial harassment," including a pattern of "charging, dismissing, and recharging" the defendant. . . . . [T]he only other possibility is that dismissal of the charges "would be *clearly* contrary to manifest public interest."
>
> For a dismissal to be "clearly contrary to manifest public interest," the prosecutor must have had an illegitimate motive rising to the level of bad faith. Examples include the "acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." Anything less is not enough.

*United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) (citations omitted) (emphasis in original).

6. Here, there is no prosecutorial harassment or other evidence of bad faith, and dismissal is not clearly contrary to the manifest public interest. The government brings this motion in good faith, in the public interest, and only after the co-defendant's suicide.

7. Defendant Global Processing, Inc. has no attorney. As alleged in the indictment, David Wilcox was the sole owner and manager of defendant Global Processing, Inc. and, further, defendant Global Processing, Inc. was an *alter ego* of David Wilcox. There is no known successor owner and/or manager of defendant Global Processing, Inc. Although it thus was impossible for the government to

obtain defendant Global Processing, Inc.'s position on this motion, the government cannot discern any prejudice to defendant Global Processing, Inc. were the government's case against defendant Global Processing, Inc. dismissed without prejudice.

WHEREFORE, the government requests that the Court grant this Motion to Dismiss defendant Global Processing, Inc. without prejudice.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By, */s/ Timothy L. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney
111 Seventh Avenue, SE, Box 1
Cedar Rapids, IA  52401
319-363-6333
319-363-1990 (Fax)
Tim.Vavricek@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ TLV*